Case 7:20-cr-00939 Document 31 Filed on 12/04/20 in TXSD Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
December 04, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 7:20-CR-939 |
| | § | |
| SAUL SAUCEDA | § | |

## OPINION AND ORDER

Pending before the Court is a Motion to Suppress[1] filed by Defendant Saul Sauceda ("Defendant") and the Response[2] filed by the United States of America ("the Government"). Defendant seeks to suppress any evidence derived from the execution of a search warrant at 209 Adams Street in Mission, Texas and any statements of Defendant made in connections therewith. Defendant does not appear to argue that the search warrant lacked probable cause in its entirety; rather Defendant argues that as to him, no probable cause existed to search the bedroom in which he claims he had been residing for the past six months. In response, the Government asserts that Defendant lacks standing but that even if he has standing, probable cause existed for a search of the home, including the bedroom Defendant claims as his.

I. Discussion

    a. *Standing*

---

[1] Dkt. No. 26.
[2] Dkt. No. 28. (This response is actually an amended response.)

The Court first considers the issue of standing. A defendant asserting a violation of the Fourth Amendment must show that he has standing to assert the violation.[3] That is, the "defendant must have 'a legitimate expectation of privacy in the invaded place.'"[4] Thus, Defendant must at least present some evidence that he resided at the Adams Street property. He does not.

In his motion, Defendant asserts that he "had been residing at the residence for approximately six (6) months prior to the execution of the search warrant."[5] The Government disputes Defendant's claim noting that Defendant has identified five different addresses where he has resided in the last five years none of which include the Adams Street property.[6] The Courts also notes that Defendant identified a different address on Adams Street where he claims he has resided for the past six months with his daughter, son-in-law, 19 month old grandchild, and his own 11 year old son.[7]

Defendant presents nothing more than his assertion in the motion. Fifth Circuit precedent and CrLR 12.2 of the Locals Rules of the United States District Court for the Southern District of Texas require that a motion set forth with specificity the material facts at issue. In particular, the Fifth Circuit has held that "[f]actual allegations set forth in the defendant's motion, including any accompanying affidavits, must be 'sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a

---

[3] *United States v. Iraheta*, 764 F.3d 455, 461 (5th Cir. 2014.
[4] *Id*.
[5] Dkt. No. 26 at 4.
[6] See Dkt. Nos. 19-1, 19-6, 19-9, 19-13, & 19-19.
[7] Dkt. No. 6.

substantial claim is presented.'"[8] "Inherent in these flexible guidelines is a judicial recognition that 'the determination of whether a hearing is required [on a motion to suppress] is necessarily dependent upon the particular facts which attend a particular request, and the district court is properly left with a certain amount of discretion in this regard.'"[9] Therefore, "[e]videntiary hearings are not granted as a matter of course, but are held only when the defendant alleges sufficient facts which, if proven, would justify relief."[10] Additionally, CrLR 12.2 requires that the motion be verified or supported by affidavit.

Defendant does not attach any evidence to support this claim nor has he verified the motion. The Court agrees with the Government that in the absence of any evidence to support Defendant's claim, Defendant has failed to establish that he has standing to assert a violation of the Fourth Amendment.

b. *Probable Cause*

Although the Court has determined that Defendant does not have standing to assert a Fourth Amendment violation, the Court nonetheless considers the general argument that the warrant was issued without probable cause. In support of the application, the Government presented the affidavit of Nicholas C. Scott ("Scott"), a Special Agent ("SA") with Homeland Security Investigations ("HSI"). SA Scott detailed facts which he claims established probable cause for the warrant. The Court briefly summarizes only some of the facts.

---

[8] *United States v. Poe*, 462 F.2d 195, 197 (5th Cir. 1972) (quoting from *Cohen v. United States*, 378 F.2d 751, 761 (9th Cir.), cert. denied, 389 U.S. 897 (1967)).
[9] *Id*. (Internal citation omitted).
[10] *Id. (Citing United States v. Smith*, 546 F.2d 1275 (5th Cir.1977)); *United States v. Poe*, 462 F.2d 195.

On March 18, 2020 Emily Julieta Gonzalez entered the United States from Mexico driving a Trailblazer loaded with cocaine. Soon thereafter, Emily Julieta Gonzalez was forced out of the vehicle and the Trailblazer was carjacked. Within an hour, the Trailblazer was located by law enforcement where it had been abandoned. Authorities identified a suspect vehicle from surveillance footage of the carjacking. A subsequent traffic stop linked Jorge de Leon ("de Leon") to use of the suspect vehicle. Multiple sources identified De Leon as being involved in home invasions and/or carjackings for purposes of stealing controlled substances. At some time after the carjacking, De Leon disclosed his telephone number to law enforcement. Through search warrants for cell tower data, law enforcement determined de Leon's phone was in the vicinity of the carjacking at the time of the carjacking and at the location where the Trailblazer was abandoned at the time it was abandoned. Also through cell tower data, De Leon's phone was then linked to another phone that was in the vicinity of the abandoned Trailblazer at the time it was abandoned. This second phone was in contact with a third phone that was also in the vicinity of the abandoned Trailblazer when it was abandoned, and this third phone was in contact with de Leon's phone during that time. From a WhatsApp profile picture, the second phone was determined to be used by Rene Guadalupe Gonzalez ("Gonzalez"). Additionally, Gonzalez's fingerprint was located on a GPS tracking device that was on the Trailblazer when it was carjacked. Records revealed Gonzalez had claimed the 209 Adams Street address as his residence. From these facts, a search warrant was sought for 209 Adams Street. The application for the search warrant included the entire home, as well as all vehicles, appurtenances and curtilage located on the property

and specifically identified items to be seized that could be related to carjacking and drug trafficking.

This, then, is a summary of the facts that were presented to the Magistrate Judge in support of a search warrant for 209 Adams Street. Quite simply, these facts are more than sufficient to establish probable cause. Defendant does not dispute any of these facts. Rather, Defendant contends that because he was not mentioned in the affidavit, the search should have excluded the room where he claims he was residing. Defendant identifies this room as the "spare bedroom of the trailer" but does not otherwise contend that it was a separate structure; that it was distinct from the 209 Adams premises to be searched; that it was exclusively under his control; or that in some manner it was obviously not subject to the search warrant. While Defendant does not specify where the seized items were located, neither does he contend that the items to be seized could not have been located in the spare bedroom. In fact, the items seized (a handgun and cocaine) are exactly the type of items associated with carjackings and drug trafficking.

Defendant does not cite to any authority for the proposition that evidence seized pursuant to a properly authorized search warrant should be excluded simply because it may not be connected to the particular crime subject of the warrant. In fact, such is not the law. It has long be established that when "the police have a warrant to search a given area for specified objects, and in the course of the search come across some other article of incriminating character" that other incriminating evidence is not subject to

suppression.[11] While it is true that "[p]olice with a warrant for a rifle may search only places where rifles might be and must terminate the search once the rifle is found; the inadvertence rule will in no way reduce the number of places into which they may lawfully look."[12] Even when "a police officer is not searching for evidence against the accused, but nonetheless inadvertently comes across an incriminating object" it need not be suppressed.[13]

In a somewhat similar case, the Fifth Circuit considered the relationship of the defendant to the premises subject of the search. In *United States v Giwa*, defendant Giwa contended that evidence seized from his overnight bag should be suppressed because he was a visitor to the premises subject of a valid warrant.[14] The Fifth Circuit considered the fact that Giwa was an overnight visitor at the apartment; that at the time the agents arrived at the apartment, Giwa had been sleeping and answered the door clad only in a bathrobe and slacks; and that Giwa was discovered alone in a private residence.[15] Based upon these facts, the Fifth Circuit held that "the agents could reasonably believe [Giwa's] flight bag contained evidence of credit card fraud."[16]

Here, Defendant does not contend he was a mere visitor, rather he contends he was an inhabitant of the premises. The search warrant clearly describes the place to be searched and the things to be seized. It is valid on its face. The search of the spare

---

[11] *Horton v. California*, 496 U.S. 128, 135 (1990).
[12] *Id*. at 141.(Internal citation omitted.)
[13] *Id*. at 135 (internal citations omitted.)
[14] *United States v. Giwa*, 831 F.2d 538, 543 (5th Cir. 1987).
[15] *Id*. at 545.
[16] *Id.*

bedroom is within the scope of the warrant and the items seized are clearly associated with carjacking and drug trafficking. No violation of the Constitution has been presented.

II.   Conclusion

The Court, having considered the motion, the record in this case, and the relevant law, hereby **DENIES** the motion to suppress.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 4th day of December, 2020.

_____
Micaela Alvarez
United States District Judge